# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-70V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * *
```
                                    *
DAWN ASHLEY NELSON,                 *
                                    *   Filed:  November 30, 2015
                 Petitioner,        *
                                    *
           v.                       *   Attorney's Fees and Costs;
                                    *   Influenza ("Flu") vaccine;
SECRETARY OF HEALTH                 *   Pemphigus Vulgaris ("PV").
AND HUMAN SERVICES,                 *
                                    *
                 Respondent.        *
                                    *
```
* * * * * * * * * * * * * * * * * * * * * * * * *

**DECISION GRANTING APPLICATION FOR
AWARD OF ATTORNEY'S FEES AND COSTS[1]**

*Ronald Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.

*Debra Begley*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

On January 27, 2014, Dawn Nelson filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that she developed pemphigus vulgaris after receiving the influenza vaccine on February 1, 2011.[2] On June 18, 2015, the Parties filed a stipulation regarding an award for Petitioner (ECF No. 24), and my

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002 (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) (hereinafter "Vaccine Act" or "the Act").

June 19, 2015, decision awarded the stipulated amount ($45,000) to Petitioner. ECF No. 25. Petitioner subsequently requested an award of fees and costs reflecting work performed by her counsel, the law firm of Conway, Homer & Chin-Caplan, P.C. (the "Homer Firm") in the amount of $21,243.64. App. for Attorney Fees and Costs, dated October 30, 2015 (ECF No. 31). Respondent filed a response on November 13, 2015 (ECF No. 33) reiterating that she stands by the arguments she put forth in the similarly-situated case, *Dolloff v. Sec'y of Health & Human Servs.*, No. 13-731V, about the calculation of hourly rates for Homer Firm attorneys.

Ms. Nelson requests $19,870.20 in attorney's fees plus $1,017.57 in costs incurred by Petitioner's counsel and an additional $355.87 for costs incurred by Petitioner directly. Respondent's primary objection concerns the hourly rates claimed by the Homer Firm. The Federal Circuit has endorsed the use of the lodestar approach when determining what constitutes reasonable attorney's fees under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008). Utilizing this approach, a special master first designates a reasonable hourly rate for the attorney in question, and then multiplies it by the number of hours that the attorney reasonably expended on the litigation. *Avera*, 515 F.3d at 1347-48.[3]

Petitioner requests attorney rates that are consistent with those established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *reconsid. den'd*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). In that case, Respondent was locked in a battle with the Homer Firm over attorney hourly rates. In resolving that dispute in the above-cited decision, Special Master Gowen extensively considered appropriate hourly rates for the Homer Firm attorneys in Vaccine Program cases, based on (i) the prevailing rate for comparable legal work within the forum of Washington, D.C.; (ii) the prevailing rate for cases in the Vaccine Program; (iii) the experience of the attorney both generally and within the Vaccine Program more specifically; (iv) the quality of their work; and (v) their reputation in the legal community and the community at large. He ultimately arrived at hourly rates for several Homer Firm attorneys.

Respondent has maintained her prior objections to the *McCulloch* rates, but has also indicated that she will not devote further resources to challenging the wisdom of those rates. *See* ECF No. 33 at 1. I am persuaded by *McCulloch,* and will therefore apply those rates herein.

---

[3] After making this initial calculation, a special master may make an "upward or downward departure to the fee award based on other specific findings." *Id*. at 1348. However, there is a presumption that following this procedure results in a reasonable fees award, which may "only be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) (internal quotations omitted). In requesting attorney's fees, the petitioner in a Vaccine Program case bears the burden of providing evidence to support the reasonableness of the attorney's hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 211 (2009); *Rupert v. Sec'y of Health & Human Servs.*, 52 Fed. Cl. 684, 686 (2002).

The second part of the lodestar calculation is the reasonableness of the attorney time devoted to this matter. A Vaccine Act petitioner should be compensated only for hours "reasonably expended" on the litigation. *Carrington v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 319, 323 (2008) (quoting *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 754 (Apr. 2, 1991)). It is within the special master's discretion to reduce the number of hours by a percentage of the amount charged, rather than making a line-by-line determination regarding the reasonableness of the charges. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728–29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction in the number of hours from 515.3 hours to 240 hours); *Edgar v. Sec'y of Health & Human Servs.*, 32 Fed. Cl. 506 (1994) (affirming the special master's awarding only 58 percent of the numbers of hours for which compensation was sought).

Here, Respondent has failed to identify any specific examples of unreasonable billing. Rather, she simply attempts to incorporate the arguments asserted in *Dolloff*, such as challenges to the numbers of hours billed. *See* ECF No. 33 at 1. However, special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination (*Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517,1521-22 (Fed. Cir. 1993)), and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies. The hours billed by Petitioner's counsel appear to be reasonable, and I therefore see no independent reason to reduce them.

Accordingly, I hereby grant Petitioner's Motion for Attorney's Fees and Costs in its entirety. An award should be made in the form of a check in the amount of $20,887.77 representing attorney's fees and costs, payable jointly to Petitioner and Petitioner's counsel, Conway, Homer & Chin-Caplan, PC. In addition, an award should be made in the form of a check in the amount of $355.87 representing costs incurred directly by the Petitioner, payable solely to Petitioner.[4] In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Respondent did not in this case (or in *Dolloff*) lodge any objection to costs incurred, and I have not independently identified any basis for reducing or limiting them. Therefore, the entirety of costs incurred by Petitioner and Petitioner's counsel are also awarded.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.